IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-00057 JSW |
| Plaintiff, | **ORDER DIRECTING APPOINTMENT OF COUNSEL AND ORDER OF REFERRAL TO FEDERAL PUBLIC DEFENDER; GRANTING EXTENSION; AND SETTING BRIEFING SCHEDULE ON UNITED STATES' MOTION TO ABROGATE ATTORNEY-CLIENT PRIVILEGE AND FOR EXTENSION OF TIME** |
| v. | |
| ELISA M. LIPKINS, | |
| Defendant. | |
| _____/ | |

On September 17, 2009, Judge Walker sentenced Defendant and Movant Elisa Lipkins ("Movant") to a term of 96 months imprisonment on a count of Unarmed Bank Robbery, in violation of 18 U.S.C. § 2113(a), three years of supervised release, and Movant also was ordered to pay restitution in the amount of $7020.00. Judgment was entered on September 25, 2009.

On January 4, 2012, Movant filed a motion pursuant to 28 U.S.C. § 2255, in which she attacks her underlying conviction based ineffective assistance of counsel. The Court previously granted the United States an extension of time to file its response, on the basis that it sought to obtain a declaration from Movant's former counsel. The Court granted an extension to March 7, 2012. On March 7, 2012, the United States filed a Motion to Abrogate Attorney Client Privilege and an Extension of Time to Respond.

//

//

1   The United States filed its motion for an extension on the day its response was due. In
2   the future, if the United States requires an extension of time to comply with the deadlines set by
3   the Court, it must submit that request sufficiently in advance of the deadline to permit the
4   Movant an opportunity to respond. If the United States fails to comply with this directive, the
5   Court shall deny the request for an extension.

6   The United States asks this Court to determine that the attorney-client privilege has
7   been waived so that it may obtain a declaration from Ms. Lipkins' former counsel. The Court
8   shall treat the United States' motion as a motion for discovery. "It has long been the rule in the
9   federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel,
10  he waives the attorney-client privilege as to all communications with his allegedly ineffective
11  lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 717 (9th Cir. 2003). The Ninth Circuit noted that
12  the waiver is not a complete waiver and its scope should be limited to those materials that
13  opposing counsel needs to respond to claim. *Id.* at 719-20. The court also noted that "the
14  holder of the privilege may preserve the confidentiality of the privileged communications by
15  choosing to abandon the claim that gives rise to the waiver condition." *Id.* at 721; *see also*
16  *United States v. Zamora*, 2009 WL 1702733 (D. Hawaii June 17, 2009).

17  Movant has not asked this Court to appoint counsel for her. The Sixth Amendment's
18  right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d
19  722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). However, 18 U.S.C. § 3006A(a)(2)(B)
20  authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the
21  court determines that the interests of justice so require" and such person is financially unable to
22  obtain representation. The decision to appoint counsel is within the discretion of the district
23  court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728.

24  Given the complexity of the issue raised and the fact that, at this time, Movant is
25  proceeding without counsel, and in light of the fact that an evidentiary hearing may be necessary
26  to resolve the motion, the Court finds that the interests of justice require appointment of
27  counsel. The Court HEREBY REFERS this matter to the Federal Public Defender's Office for
28  appointment of counsel pursuant to 18 U.S.C. § 3006A.

It is FURTHER ORDERED that Movant's response to the United States' motion for abrogation of the attorney client privilege or a notice that Movant has decided to withdraw her claims, shall be due within thirty days after counsel has been identified and has filed a notice of appearance. The United States shall file a reply fourteen days thereafter.

**IT IS SO ORDERED.**

Dated: March 8, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

cc: Ruben Deang

United States District Court
For the Northern District of California

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA et al, | Case Number: CR09-00057 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| ELISA M LIPKINS et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 8, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Elisa M. Lipkins
#93406-011
FCI
PO Box 1731
Waseca, MN   56093-0741

Dated: March 8, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk